UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VULPINA, LLC,

       Plaintiff,                                          Civil Action No. 12-15688

v.                                                    HON. MARK A. GOLDSMITH

RANDY DZIERZAWSKI, et al.,

       Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 14)**

This case, premised on diversity jurisdiction, arises under the Michigan Uniform Fraudulent Transfer Act (MUFTA), Mich. Comp. Laws 566.31, et seq. Plaintiff Vulpina, LLC seeks avoidance of the transfer of the ownership interest in Vinifera Wine Company, LLC (Vinifera) from Defendant Randy Dzierzawski to his wife, Defendant Kimberly Dzierzawski. Vulpina has also named Vinifera, the asset in question, as a defendant. Vinifera has filed a motion to dismiss the claims asserted against it under Federal Rule of Civil Procedure 12(b)(6), arguing that it is improper to name the asset as a party. The matter is fully briefed and the Court heard oral argument on May 23, 2013. For the reasons explained below, the Court grants the motion.

**I. BACKGROUND**

Flagstar Bank, FSB (Flagstar) sued Randy Dzierzawski, the Randy K. Dzierzawski Revocable Living Trust, and C & D Capital, LLC in Oakland Circuit Court in 2011, to recover a $2,000,000 loan to C & D Capital which Randy Dzierzawski and the Trust had guaranteed. First Amend. Compl. ¶ 12 (Dkt 6). Flagstar moved for summary disposition, and obtained a judgment,

jointly and severally, against Randy Dzierzawski, the Trust, and C & D Capital for $1,752,767.82. Id. ¶¶ 13-14. After obtaining the judgment, Flagstar assigned the judgment to Vulpina. Id. ¶ 17.

Randy Dzierzawski allegedly transferred 99% of the membership interest in Vinifera to his wife, Kimberly Dzierzawski. Id. ¶ 23. Randy Dzierzawski allegedly made this transfer without receiving reasonably equivalent value in an attempt to insulate Vinifera from a potential judgment and to defraud his creditors. Id. ¶¶ 25-26.

Vulpina filed the instant suit against Randy Dzierzawski, Kimberly Dzierzawski, and Vinifera, alleging violations of the MUFTA.

## II. LEGAL STANDARD

The Sixth Circuit has articulated the standard governing Rule 12(b)(6) motions as follows:

> Courts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. However, the plaintiff must provide the grounds for its entitlement to relief, and that requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A plaintiff falls short if she pleads facts merely consistent with a defendant's liability or if the alleged facts do not permit the court to infer more than the mere possibility of misconduct.

Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (citations, brackets, and quotation marks omitted).

## III. ANALYSIS

In its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Vinifera argues that all the claims against it should be dismissed because Vulpina's first amended complaint does not assert a viable claim against Vinifera. Def.'s. Mot. at 3. Vinifera maintains that it is not a proper party. Id. Vinifera states that Vulpina's three claims focus on the

transaction between Randy Dzierzawski and Kimberly Dzierzawski. Vinifera points out that, under the MUFTA, claims can only be asserted against transferors and transferees for fraudulent transfers. Id. at 4. Vinifera argues that, although the MUFTA does not define "transferee," the definitions for "transfer" and "asset" indicate that a creditor cannot "pursue an action against an asset as a party." Id. at 5. Because Vulpina states that Randy Dzierzawski caused 99% of his interest in Vinifera to be transferred to Kimberly Dzierzawski, Vinifera was the object of the transfer and, therefore, is an improper party.

In response, Vulpina argues that dismissal of Vinifera is inappropriate because Vulpina's "fraudulent transfer complaint, at its heart, seeks relief that would realign Vinifera's capital structure, returning ownership of Vinifera to Randy Dzierzawski." Pl.'s Resp. at 1. Vulpina asserts that the authority cited by Vinifera does not support an argument whether an interested party, such as Vinifera, "is an improper defendant." Id. at 2. Furthermore, Vulpina contends that the MUFTA allows for attachment against the asset transferred. Id. at 3.

Vinifera's reply brief argues that attachment under Michigan law is only available if either a person is not subject to jurisdiction in Michigan or that a person cannot be served with process. Def.'s Reply at 2. However, Vinifera points out that it has been served.

The arguments asserted by the parties concern the operation of the MUFTA. Under the statute, certain transfers are fraudulent, if the debtor made the transfer with "actual intent to hinder, delay, or defraud any creditor of the debtor." Mich. Comp. Laws § 566.34(1)(a).

Here, the complaint alleges that Randy Dzierzawski transferred his interest in Vinifera to Kimberly Dzierzawski. The complaint does not allege an act by Vinifera and does not specifically assert a claim against Vinifera, although Vinifera is included in the caption as a

3

defendant. Vinifera is merely the asset that was transferred from Randy Dzierzawski, the debtor, to Kimberly Dzierzawski, the transferee.

Under a plain reading of the MUFTA provisions, the Court holds that Vinifera cannot be a proper party. By its terms, the MUFTA permits a judgment against a transferee. Id. § 566.38(2) (If a creditor prevails in its action, judgment may be entered against either of the following: "the first transferee of the asset or the person for whose benefit the transfer was made" or "[a]ny subsequent transferee other than a good-faith transferee who took for value or from any subsequent transferee.") Case law recognizes that a transferor may be named in the action. See Mather Investors, LLC v. Larson, 746 N.W.2d 617 (Mich. 2008). But neither the language of the MUFTA nor any other authority interpreting the statute or its counterpart in other states contemplates naming the transferred asset as a defendant.[1]

Moreover, Vinifera is correct that Vulpina cannot assert attachment against Vinifera because Vinifera was served with process. UAW v. Baretz, 156 F.3d 1230 (Table), at *3 (6th Cir. 1998) (explaining that Mich. Comp. Laws § 600.4001 allows "for prejudgment attachment only in situations in which a party is not subject to jurisdiction or cannot be served with process").

### IV. CONCLUSION

Accordingly, the Court grants Defendants' motion (Dkt. 14); the claims against Vinifera are dismissed.

---

[1] In the briefs, the parties cited two cases: Mather Investors, LLC v. Larson, 746 N.W.2d 617 (Mich. 2008) and Trigeant Holdings, Ltd. v. Jones, 183 S.W.3d 717 (Tex. Ct. App. 2005). These cases do not address whether an asset can be named as a defendant in a fraudulent transfer action.

SO ORDERED.

Dated: June 13, 2013                      s/Mark A. Goldsmith
       Flint, Michigan                      MARK A. GOLDSMITH
                                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2013.

                                                 s/Deborah J. Goltz
                                                 DEBORAH J. GOLTZ
                                                 Case Manager