UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VULPINA, LLC,

    Plaintiff,

v.

RANDY DZIERZAWSKI, et al.,

    Defendants.
_____/

Civil Action No. 12-15688

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO STAY (DKT. 24) AND
ADMINISTRATIVELY CLOSING THE CASE**

This matter before the Court is Defendant Kimberly Dzierzawski's motion to stay (Dkt. 24). The matter is fully briefed and the Court heard oral argument on September 11, 2013. For the reasons explained below, the Court grants the motion.

**I. BACKGROUND**

The Court already addressed the facts leading up to the filing of this lawsuit in a previous order, see 6/13/2013 Order (Dkt. 22), and therefore, provides an abbreviated version here. According to the first amended complaint, Randy Dzierzawski allegedly transferred 99% of the membership interest in Vinifera Wine Co., LLC (Vinifera), to Defendant, his wife. First Am. Compl. ¶ 23 (Dkt. 6). Randy Dzierzawski allegedly made this transfer without receiving reasonably equivalent value in an attempt to insulate Vinifera from a potential judgment and to defraud his creditors. Id. ¶¶ 25-26. Plaintiff Vulpina, LLC filed the instant suit against Randy Dzierzawski, Vinifera, and Defendant alleging violations of the Michigan Uniform Fraudulent

Transfer Act, Mich. Comp. Laws § 566.31, et seq., in a three-count amended complaint. Id. ¶¶ 27-50.

After Plaintiff filed the first amended complaint, Randy Dzierzawski filed a notice of a chapter 7 bankruptcy petition on April 19, 2013 (Dkt. 19-2) and the automatic bankruptcy stay stayed the claims against him. See 11 U.S.C. § 362. Vinifera then moved to dismiss the claims against it, arguing that, as the asset of the alleged transfer, it could not be named as a defendant. Mot. to Dismiss (Dkt. 14). The Court agreed with Vinifera and granted the motion to dismiss. 6/13/2013 Order (Dkt. 22). Subsequently, Plaintiff and Defendant submitted a Rule 26(f) discovery plan (Dkt. 23). However, Defendant changed her position, resisted discovery, and filed the instant motion to stay. Defendant seeks to have the bankruptcy stay, applicable to the claims asserted against her husband, extended to the claims asserted against her.

## II. ANALYSIS

In the instant motion to stay, Defendant asserts several arguments why the bankruptcy automatic stay under 11 U.S.C. § 362(a)(3) prevents Plaintiff from continuing its action against her. Defendant states that the automatic stay can be extended to proceedings against a solvent co-defendant in unusual circumstances, such as the instant case, where a judgment against the co-defendant "'will in effect be a judgment or finding against the debtor.'" Pl.'s Mot. at 2 (quoting In re Eagle-Picher Indus., Inc., 963 F.2d 855, 858 (6th Cir. 1992)). Defendant argues that unusual circumstances exist in this case because any judgment or finding against Defendant "would necessarily be premised on a finding of fact that a fraudulent transfer occurred" and that Randy Dzierzawski was the transferor. Id. Defendant also asserts that the remedies Plaintiff seeks, such as attachment, injunctive relief, or the appointment of a receiver, would be a finding against Randy Dzierzawski and, therefore, is also prohibited by the automatic stay. Id. at 3-4.

According to Defendant, the proper venue for the determination of this issue is the bankruptcy court because Plaintiff's cause of action is property of the bankruptcy estate and under jurisdiction of the bankruptcy trustee. Id. at 3. Lastly, Defendant argues that, assuming a fraudulent transfer occurred, Randy Dzierzawski's other creditors could assert claims against Defendant and her husband and defeat the purpose of the automatic stay and that only the bankruptcy trustee has the power to avoid any alleged transfer. Id. at 5.

In response, Plaintiff argues that Defendant's authorities are inapplicable because the facts of each case are different from the facts of the instant case. Pl's Resp. at 1-5. Plaintiff asserts that the motion should be decided in light of National Labor Relations Board v. Martin Arsham Sewing Co., 873 F.2d 884 (6th Cir. 1989), and In re Fletcher, 176 B.R. 445 (Bankr. W.D. Mich. 1995). Under this authority, Plaintiff acknowledges that the bankruptcy stay bars collateral actions against third parties to satisfy a debtor's obligation "'by attacking, as fraudulent, a property transfer'" to third parties. Pl.'s Resp. at 5 (quoting Martin Arsham, 873 F.2d at 888). However, Plaintiff argues that its complaint does not undermine the "policy considerations" which support the barring of such collateral actions because it seeks to have the asset returned to Randy Dzierzawski's estate. Id. at 6.

In Defendant's reply brief, Defendant argues that Plaintiff concedes that the automatic stay, under Sixth Circuit law, should be extended to Plaintiff's claims against Defendant. Defendant states that Plaintiff is attempting to circumvent the automatic stay by arguing that it is a "heroic creditor," seeking to benefit all creditors. Def.'s Reply at 2 (Dkt. 27). Defendant reiterates that her authority is sound, despite the factual differences between her authority and the instant case, and argues that a case Plaintiff cites, Martin Arsham, supports her position as well. Id. at 2-3. Defendant asserts that Plaintiff cannot continue its action because the power to avoid

3

the alleged fraudulent transaction is vested with the bankruptcy trustee. Id. at 3 (citing 11 U.S.C. §§ 544, 548). According to Defendant, the bankruptcy code empowers the trustee – and not a creditor – with collecting and distributing a debtor's assets. Id. at 3-4. Finally, Defendant maintains that "If Plaintiff's argument is adopted, it opens the door for any creditor to bring its own claims against a debtor under the guise of attempting to bring about a recovery that would benefit all of the debtor's creditors." Id. at 5.

The arguments asserted by the parties concern whether the automatic bankruptcy stay applies to property allegedly transferred from the debtor-husband to Defendant. The Sixth Circuit has explained that a chapter 7 bankruptcy case involves the orderly pro rata distribution of a debtor's assets where the bankruptcy court enjoys exclusive jurisdiction over the debtor's property. Martin Arsham, 873 F.2d at 887. The filing of a bankruptcy petition stays any action to obtain possession of property of the debtor's estate, "which is comprised of 'all legal or equitable interests of the debtor in property.'" Id. (quoting 11 U.S.C. § 541(a)(1)). In order to assist the equitable distribution of assets, the bankruptcy code provides the bankruptcy court or the trustee the power "to recover property belatedly, unlawfully, or fraudulently transferred by the debtor in an effort to place it outside the reach of creditors." Id.

Specifically, the bankruptcy code empowers the trustee to avoid a fraudulent transfer. 11 U.S.C. § 548 ("Fraudulent transfers and obligations"). "Thus, property fraudulently conveyed and recoverable under Bankruptcy Code provisions remains property of the estate and, if recovered, should be subject to equitable distribution under the Code." Martin Arsham, 873 F.2d at 887. Furthermore, if a creditor brings a collateral action against a third party "in an attempt to satisfy the bankrupt's obligation by attacking, as fraudulent, a property transfer" to the third party, "such action is stayed under Code section 362(a)." Id. Indeed, a "bankruptcy filing will never

become a 'safe haven' for corporate wrongdoers . . . because both the Bankruptcy Court and the trustee have powers to avoid transactions designed to hide assets and defraud creditors." Id. at 888 n.2.

Here, Plaintiff alleges that Randy Dzierzawski fraudulently transferred ownership of Vinifera to Defendant, his wife. Assuming that a fraudulent conveyance occurred, Vinifera "remains property of the estate and, if recovered, should be subject to equitable distribution under the Code." Id. at 887. Because Plaintiff's first amended complaint asserts only claims of fraudulent transfer, the proper venue for determining the claims is the bankruptcy court. Plaintiff's action against Defendant is a collateral action against a third party and is stayed by § 362(a) on that basis.[1] Id.

In so holding, the Court rejects Plaintiff's argument that its case against Defendant should proceed because Plaintiff seeks to have the asset returned to Randy Dzierzawski's estate for the benefit of all the creditors. Plaintiff does not provide authority for such an outcome. Plaintiff

---

[1] Plaintiff persuasively argues that Defendant's "unusual circumstances" argument lacks merit. Although the cases cited by Defendant to support her argument involve non-debtor co-defendants seeking to extend a bankruptcy stay, they do not involve an alleged fraudulent transfer and the status of an asset which may or may not be part of the debtor's estate. See In re Eagle-Picher Indus., Inc, 963 F.3d 855, 860-861 (6th Cir. 1992) (extending stay to claims of breach of fiduciary duty, breach of proprietary information, conspiracy to divert corporate assets, and tortious interference asserted against two executives of debtor); In re Johns-Mansville, 26 B.R. 420, 435-436 (S.D.N.Y. 1983) (extending automatic stay to debtor's insurance carriers because other civil actions would interfere or deplete property of the debtor and frustrate the statutory purpose of chapter 11); Parry v. Mohawk Motors, 236 F.3d 299, 314-315 (6th Cir. 2000) (holding that "unusual circumstances" did not exist to justify extending bankruptcy stay to solvent co-defendants where debtor and co-defendants merely had a contractual agency relationship). The alleged fraudulent transfer makes the instant case distinguishable and the appropriate authority, as Plaintiff recognizes, are cases that address the provisions of the bankruptcy code which allow the bankruptcy court or trustee to avoid fraudulent transfers. See, e.g. 11 U.S.C. § 548; Nat'l Labor Relations Bd. v. Martin Arsham Sewing Co., 873 F.2d 884, 887 (6th Cir. 1989); In re Fletcher, 176 B.R. 445, 453 (Bankr. W.D. Mich. 1995) (stating that "the plain language of the Bankruptcy Code provides that the trustee may avoid any preference or fraudulent transfer under § 547(d) or § 548(a)") (emphasis in original).

points out passages in Martin Arsham and In re Fletcher that discuss the Congressionally mandated policies for an orderly distribution of a debtor's assets in bankruptcy and the need to prevent creditors from gaining an advantage over other creditors by maintaining their own cause of action. Pl.'s Resp. at 5-6 (citing Martin Arsham, 873 F.2d at 888; In re Fletcher, 176 B.R. at 452-453). But these sections are not the holdings of the cases, are dicta, and do not support Plaintiff's contention that it can proceed in its claims for fraudulent transfer against Defendant.[2] Under Martin Arsham, Randy Dzierzawski's chapter 7 bankruptcy petition triggered the stay, which by its nature extends to Defendant in this circumstance because the alleged fraudulent transfer involved property of Randy Dzierzawski's bankruptcy estate.

### III. CONCLUSION

Therefore, the Court grants Defendant's motion to stay (Dkt. 24) because Randy Dzierzawski's bankruptcy petition triggered the automatic stay under 11 U.S.C. § 362, affecting

---

[2] At the hearing on September 11, 2013, Plaintiff's counsel cited Rajala v. Gardner, 709 F.3d 1031 (10th Cir. 2013), in support of Plaintiff's argument that fraudulently transferred property is not property of the bankruptcy estate. However, the Court rejects Plaintiff's reliance upon Rajala for two reasons. First, Plaintiff has failed to develop an argument regarding Rajala and only pointed to it for the first time at the hearing, even though that decision was published March 12, 2013, approximately four months prior to Defendant's filing of the motion to stay. Plaintiff also did not seek leave for supplemental briefing with respect to Rajala. Therefore, the Court has no obligation to address Rajala. See Rivet v. State Farm Mut. Auto. Ins. Co., 316 F. App'x 440, 449 (6th Cir. 2009) (refusing to address "arguments that . . . are unsupported or undeveloped."). Second, even if Plaintiff's argument concerning Rajala was properly before the Court, the case is not Sixth Circuit law and is not binding on this Court, unlike Martin Arsham. The Court notes that, although the Tenth Circuit held in Rajala that "fraudulently transferred property is not part of the bankruptcy estate until recovered," Rajala 709 F.3d at 1039, the Tenth Circuit expressly mentioned the circuit split on this issue, specifically between approaches taken by the Fifth and Second Circuits. Id. at 1037-1038. In a footnote, the Tenth Circuit cited the Sixth Circuit's approach in Martin Arsham as consistent with the Fifth Circuit's approach, although a few lower courts have questioned the reasoning in Martin Arsham. Rajala at 1038 n.4 (citing Meoli v. Huntington Nat'l Bank, 463 B.R. 28 (Bankr. W.D. Mich. 2012) and In re Cincom iOutsource, Inc., 398 B.R. 223 (Bankr. S.D. Ohio 2008). However, until the Sixth Circuit rules differently on the issue of fraudulently transferred property belonging to the bankruptcy estate, the Court is obligated to follow the law in this Circuit.

the property of his estate. This includes the allegedly fraudulently transferred ownership interest in Vinifera to Defendant.

Because there are no other claims to be adjudicated in this action, the Court directs the Clerk of Court to administratively close the case for statistical purposes only. Any party may move to have the case re-opened at an appropriate time, and nothing contained herein shall be construed as an adjudication on the merits regarding the claims asserted against Defendant.

SO ORDERED.

Dated: October 15, 2013                s/Mark A. Goldsmith
      Flint, Michigan                MARK A. GOLDSMITH
                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2013.

                               s/Deborah J. Goltz
                               DEBORAH J. GOLTZ
                               Case Manager